THE HAMBURG-BREMEN FIRE INSURANCE CO. v. E. J. MOSES.

(No. 989.)

SERVICE upon corporations must be made in conformity with the statute.

APPEAL from Lampasas county.    Opinion by WATTS, J.

STATEMENT.— November 24, 1883, Moses instituted this suit against the company on a fire insurance policy, alleging the execution of the policy in the sum of $750, and the total destruction of the property while the policy was in force; also, that Thos. W. Griffin was the local agent of the company in Lampasas county at the time this insurance was procured and also when the loss occurred, but for the purpose of defeating the jurisdiction of the court he had been removed and his authority as agent withdrawn; that the principal office of the company was located in Austin, Travis county, Texas; that N. O. Lauve, who resided in said city and county, was general agent of the company in the state and had charge of the principal offices.

Process was served both upon Griffin and Lauve, commanding them " to be and appear " before the court and answer the petition, etc.  On December 7, 1883, judgment by default was rendered against the company for $750 and costs of suit.  The question made and relied upon amounts to this: that there was no service upon the company.

OPINION.— That the pretended service upon Griffin was ineffectual to bind plaintiff in error admits of no question. As Griffin was not the local agent at the time of the pretended service, it did not bind the company.  Revised Statutes, article 1228, provides the manner of obtaining service in this class of cases.  It appears from the allegations in the petition that plaintiff in error is a domestic corporation, with its principal office at the city of Austin, in Travis county, and it had no local agent in Lampasas county when this suit was brought.  To authorize a judgment by default against a corporation or joint-stock com-

pany, the process must be served in the manner prescribed by the statute.

It is not made to appear that Lauve occupied the position of either president, secretary or treasurer of the corporation; and it is affirmatively shown that he was not the local agent in Lampasas county. There is no provision of statute that authorizes service to be made upon a general agent. And it cannot be held that service on such agent is equivalent to leaving a copy of the process at the principal office of the corporation during office hours.

We hold the corporation was not served, and therefore the judgment by default was unwarranted.

REVERSED AND REMANDED.